**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:23-cr-20153-MOORE

UNITED STATES OF AMERICA

v.

OTHONIEL GOMEZ,

    Defendant.

_____ /

**ORDER**

    **THIS CAUSE** is before the Court upon Defendant Othoniel Gomez's Motion to Authorize the Issuance of Rule 17(c) Subpoenas to Jesus Diaz and Yunier Cardenas Calero. (ECF No. 70). The Government filed a Response in opposition, (ECF No. 82), to which Defendant filed a Reply (ECF No. 84). The matter has been referred to the undersigned United States Magistrate Judge by the Honorable K. Michael Moore, United States District Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, to take all necessary and proper action as required by law and/or to submit a Report and Recommendation regarding all matters and pretrial motions, except for motions for continuance of trial. (ECF No. 36). Having considered the Motion, Response, Reply, the record, and being otherwise fully advised in the premises, the Motion (ECF No. 70) is **DENIED** as set forth below.

**I.    BACKGROUND**

    Defendant Gomez is charged in a Superseding Indictment issued in the Southern District of Florida with one count of conspiracy to engage in money laundering, in violation of 18 U.S.C. § 1956(h), and five counts of money laundering, in violation of 18 U.S.C. § 1956(a)(3)(B). (ECF No. 5). The Superseding Indictment also contains forfeiture allegations. (ECF No. 5 at 6–7).

In anticipation of the trial currently set for December 18, 2023, (ECF No. 63), Gomez seeks authorization to issue subpoenas under Federal Rule of Criminal Procedure 17(c) to his co-Defendants, Jesus Diaz and Yunier Cardenas Calero, who have since pled guilty to the charges against them in the Superseding Indictment. *See* (ECF Nos. 77, 78). Gomez's proposed subpoenas seek production of both of his co-Defendants' cell phones for inspection, so that Gomez can "examine and copy the communications, including but not limited to text messages, iPhone messages, WhatsApp messages, and voicemail messages, between Jesus Diaz . . . and Yunier Cardenas Calero . . . from December 1, 2022, through February 1, 2023." (ECF No. 70 at 1). Gomez claims that co-Defendant Cardenas Calero, and not Gomez, participated in the transactions with co-Defendant Diaz that form the basis of the money laundering charges against Gomez. Gomez asserts that the messages and communications between Cardenas Calero and Diaz will contain this exculpatory evidence.

## II.    DISCUSSION

"[A] criminal defendant's sixth amendment right to compulsory process is a fundamental component of due process itself." *United States v. Garmany*, 762 F.2d 929, 933 (11th Cir. 1985) (citing *Washington v. Texas*, 388 U.S. 14, 18–19 (1967); *United States v. Garner*, 581 F.2d 481, 488 (5th Cir. 1978)). "To effectively implement this constitutional guarantee, the accused has the right to subpoena witnesses on his or her own behalf to testify at a trial." *Id.* at 933–34. However, the issuance of a subpoena *duces tecum* in a criminal case is governed by Federal Rule of Criminal Procedure 17(c). The Rule provides:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Fed. R. Crim. P. 17(c)(1). The Supreme Court has explained that the issuance of a subpoena *duces tecum* in a criminal case is not intended to provide a means of discovery but instead is intended to expedite the trial by providing a time and place before trial for inspection of the subpoenaed materials. *Nixon*, 418 U.S. at 698–99.

In evaluating whether a Rule 17(c) subpoena should issue, the Supreme Court in *Nixon* referred favorably to the test set forth in *United States v. Iozia*, 13 F.R.D. 335, 338 (S.D.N.Y. 1952). Under the *Iozia* test, the moving party must show: "(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'" *Nixon*, 418 U.S. at 699–700 (footnote omitted); *see also United States v. Gallo*, No. 12-20630-CR, 2014 WL 1767075, at *2 (S.D. Fla. May 5, 2014).

"Based on this test, the Supreme Court has concluded, the moving party must satisfy three requirements: (1) relevancy, (2) admissibility, and (3) specificity." *United States v. Brown*, No. 11-60285, 2013 WL 1624205, at *4 (S.D. Fla. Apr. 15, 2013) (Rosenbaum, J.) (first citing *Nixon*, 418 U.S. at 701; and then citing *United States v. R. Enters., Inc.*, 498 U.S. 292, 299 (1991)).

Defendant Gomez's request for the issuance of a subpoena *duces tecum* under Rule 17(c), seeking production of his co-Defendants' cell phones for inspection of their communications and messages, fails because Gomez has not satisfied the specificity requirement. Rather, Gomez's request is based on speculation that communications exculpating Gomez *might* exist among the three months of messages between his co-Defendants, Cardenas Calero and Diaz, which Gomez would access if those co-Defendants' cell phone are turned over for inspection. Notwithstanding

Gomez's factual proffer advanced in his Reply regarding the weight of the evidence against him and the Government's characterization of that evidence, Gomez's Motion presumes that there are text messages, iPhone messages, WhatsApp messages, and voicemail messages, between Diaz and Cardenas Calero, that exculpate him. Indeed, the request for the communications in the Motion is based upon the *belief* that the requested messages may contain exculpatory evidence. While the Court agrees that the messages would be relevant if they in fact exist, "the Eleventh Circuit has explained, 'the rule only reaches *specifically identified documents* that will be admissible as evidence at trial, provided that the application for the subpoena is made in good faith." *Brown*, 2013 WL 1624205, at *4 (emphasis in original) (quoting *United States v. Silverman*, 745 F.2d 1386, 1397 (11th Cir. 1984)). In this respect, Gomez has not identified with specificity any exculpatory communications that he is actually aware of that exist among the three months of messages he seeks review upon obtaining his co-Defendants' cell phones for inspection. The nature of Gomez's request instead reveals that the primary purpose for the issuance of the subpoenas as requested is for general discovery. The Supreme Court was clear in *Nixon* that Rule 17(c) subpoenas are not intended to be used for discovery in criminal cases.

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Othoniel Gomez's Motion to Authorize the Issuance of Rule 17(c) is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 8th day of December, 2023.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

Copies to:
Honorable K. Michael Moore
Counsel of Record